## MICHAEL ENGLISH vs. J. V. HUTCHINS.

SUPREME COURT, AUSTIN TERM, 1883.

*Trespass to try Title---Action of.*---An action involving the determination of the title to land, is, in effect, an action of trespass to try title, whatever be its form.

*Evidence.*---See case for obligation in writing signed by a defendant association or corporation held to be admissible in evidence.

*Trust Sale---Notice.*---The recital of the date on the notices of a sale under a deed of trust are not conclusive evidence as to the time they were posted. Parol evidence is admissible to prove they were posted the day preceding their date.

Appeal from Hays County.

*Shelley & Moore* for appellant.

*Burgess and Burts and Walton, Green & Hill* for appellee.

### STATEMENT.

This was a suit brought by Hutchins against English to recover possession of a tract of land in form of an action of trespass to try title. The plaintiff's title was derived under a sale made to one Herndon, trustee in a deed of trust made to secure the payment to said Hutchins of two promissory notes giving by said English, Isaac Marchant, and Austin A. Carvin, as joint purchasers and co-partners to said Hutchins for the purchase money of the land in controversy. One of the notes was given for $400 00 due at thirty days, and the other for $1200 00 due at two years. The notes, deed of conveyance of the land from Hutchins to the makers of the notes, and the deed of trust, were all of even date, viz, the 31st, of August 1876.

On the 23rd, of February 1877, the plaintiff became the purchaser at the sale of the property made by the trustee named in the deed of trust, to satisfy the alleged unpaid portion of the $400 00 note; the trustee conveyed to him by deed, the said property, and he claims title through the same.

The defendant defends against the plaintiff's title on two grounds, viz : that the note of $400 00 was all paid except the sum of $25 00 which balance was tendered by defendant to plaintiff on the day and before the sale of the property, which tender was refused; and that the sale was made without the required notice of thirty days stipulated to be given in the deed of trust in case a sale of the property should be made by virtue of it.

The cause was submitted to the jury; verdict for plaintiff; motion

for new trial by defendant overruled, and defendant appealed, and assigned errors.

Opinion by Walker, J.

The appellant assigns as error the overruling of defendant's demurrer and special exceptions to the plaintiff's amended petition. The plaintiff's action was plainly a suit to try the title to the land, and where that is the case, it is in effect an action of "trespass to try title," and it is not essential to constitute it such, that the technical allegations of actual trespass and ouster, as urged in the defendant's special exceptions, shall be made in conformity to the rules applicable to actions of ejectment at common law. The plaintiff in his petition alleged ownership and set out the title under which he claimed; he alleged possession by the defendant and prayed for restitution of possession and for general relief.

These elements were sufficient to constitute it an action of trespass to try title.

See Grimes vs. Hobson 46 Tex., 416.

Dangerfield vs. Paschal 20 Tex., 537.

Shephard vs. Cummings 44 Tex., 503.

In Easterling vs. Blythe 7 Tex., 214, Justice Wheeler said, "The statute to which we have referred, (Pasch. Dig. Art 5293.) which directs that the action shall be tried conformably to the principles of trial by ejection, could not have been intended to introduce all the incidents and consequences attached to that form of action in the common law. Its object was not to determine upon what character of title an action may be maintained, but simply to furnish a mode of procedure to ascertain in whom the right of property resides. An action involving the determination of the title to land, is in effect, an action of trespass to try title, whatever be its form.

Grimes vs. Hobson, Supra.

Dangerfield vs. Paschal, Supra.

The appellants third ground of assigned error is that the court erred in admitting in evidence, over defendant's objection, the following paper, viz:

San Marcos, Aug., 31st, 1876.

We hereby agree to pay to J. V. Hutchins to be credited on the note given him this day for twelve hundred dollars one half of all profits derived from the mill.

(Signed.)       San Marcos Milling and Mfg., Co.

The objection urged to its admissibility was on the ground, in effect, that it did not purport to be the authorized act of the defendant, or a company or an association of persons under the name affixed or signed to it. It appears from the evidence that the defendant and the two other makers of the notes were co-partners, acting in concert in the purchase of the land and were doing their business under the name of the San Marcos Milling and Manufacturing Company; also that this instrument was executed together with the others as a part of the same transaction, and that it was delivered by one of the partners to the plaintiff together with the notes and deed of trust. The name and style signed to the instrument was, according to the evidence, the business or firm name of the association or partnership adopted by their written agreement of association, and by that name held themselves out to the plaintiff in making the transaction with him for the land purchase.

Under the issues in the case the materiality of the evidence cannot be questioned, and there was no error in admitting it.

The only remaining question which the merits of the appeal require to be considered, is as to whether there was evidence of the required notice of the sale under the deed of trust.

Altogether, according to the date written on the notices, there would have been only twenty-nine days notice, yet, Hutchins testified that they were posted on the day preceding that date; thus making thirty days. The recital on the notices of the date was not conclusive evidence as to the time when they were posted. The time when they were actually posted was a question of fact, and might be proved as any other fact. Parol evidence was manifestly admissible for that purpose. The charge of the court on that subject was correct.

From a due consideration of the remaining questions presented by the assignment of errors, without discussing them, we deem it sufficient to say that we think there is no such error for which the judgment ought to be reversed.

We report therefore that the judgment ought to be affirmed.

The report of the commissioners of appeals examined and adopted and the judgment affirmed.

WILLIE, C. J.