## S. F. GRIMES v. N. HOBSON.

1. LIEN BY LEVY OF EXECUTION.—A lien by levy of execution takes preference over an unrecorded deed from the judgment debtor.
2. SAME—REGISTRATION LAWS.—Grace v. Wade & Mains, 35 Tex., 522, approved, holding that an unrecorded deed is void against a creditor who has acquired a specific lien or interest in the land in controversy by the levy of an execution under a judgment in a different county from that in which the land was situated, although the judgment has not been recorded in the county; and the creditor, or any one else who might purchase the land under the execution, would get title against the unrecorded deed, notwithstanding he might have full notice of the deed, at the time of the purchase, provided the creditor had no notice prior to the levy of his execution.
3. TRESPASS TO TRY TITLE.—An action involving title to land, (under Dangerfield v. Paschal, 20 Tex., 537,) is, in effect, an action of trespass to try title to the land, whatever be its form.
4. FORMS OF ACTION.—The rights given to creditors by the registration laws, do not depend upon the legal or equitable form of the action in which the statute is invoked. When the purchaser, or the creditor in whose right he claims, comes within the proper construction and real import of the statute, the right conferred upon him by it, is as available in a court of equity as at law; and the one tribunal no more than the other can annul the plain provisions of the statute.
5. SHERIFF'S SALE—CO-DEFENDANT MAY PURCHASE.—The fact that land was bought at sheriff's sale, for or by a co-defendant in the execution, cannot affect the right to it, provided the creditor had a fixed lien upon the land, by levy or otherwise.

6. PURCHASE BY CO-DEFENDANT AT EXECUTION SALE.—Such purchase in no way diminishes his liability on the judgment, either in favor of the plaintiff in execution, or of the defendant, whose land was sold, if he paid more than his share of the judgment.

APPEAL from De Witt. Tried below before the Hon. D. D. Claiborne. .

S. F. Grimes brought suit, August 21, 1871, against N. Hobson, in the District Court of De Witt county. The petition set out that, October 5, 1855, in the District Court of Jackson county, a judgment was obtained for $1,132.49, by Joseph H. Raymond, against William G. Hill, Benjamin F. Hill, and D. M. Stapp; that under said judgment, an alias execution was issued, October 4, 1858, to the sheriff of De Witt county, which execution came to the hands of the sheriff of De Witt county, October 12, 1858, and was, on the same day, levied on a tract of 1,000 acres, being the interest of defendant William G. Hill in a league of land patented to him in 1852; that under said execution, the sheriff sold said land on the first Tuesday in February, 1859, when James E. Sutton became the purchaser, for fifty dollars, the highest bid offered; and the sheriff executed a deed therefor. That said William G. Hill, on November 30, 1858, executed to defendant Hobson a deed for said land, under which he sets up claim; that the claim of Hobson, as against plaintiff, is void; but is a cloud on the title of plaintiff, and embarrasses him in the sale thereof. He asked judgment quieting his title to the land against defendant, declaring such claim void, and for general relief.

The defendant pleaded his purchase of W. G. Hill, alleging that the judgment was dormant at the time of the issuance of the alias execution under which the sale was made, through which the plaintiff claimed title.

A jury was waived, and judgment was rendered for the defendant, and annulling the sheriff's deed, &c., from which the plaintiff appealed.

The facts, as to the title, as alleged in the pleadings, were

proven. It was also admitted that the purchase by Sutton was made for D. M. Stapp, one of the defendants in execution, and that Sutton conveyed to Grimes, the plaintiff in trust for Stapp, who furnished the money to pay the bid at the sheriff's sale.

*W. R. Friend*, for appellant, cited and discussed Sydnor *v.* Roberts, 13 Tex., 598; Hawley *v.* Bullock, 29 Tex., 216; Smith *v.* Boquet, 27 Tex., 507; Robinson *v.* Parker, 3 Smedes & Marsh., 114; Paschal's Dig., 4983, 4988, 4994; Hargrove *v.* De Lisle, 32 Tex., 170; Mercein *v.* Burton, 17 Tex., 206; Sayles's Prac., sec. 653; Ayres *v.* Duprey, 27 Tex., 607; Bennett *v.* Cocks, 15 Tex., 67; Barrett *v.* Barrett, 31 Tex., 348; Blankenship *v.* Douglas, 26 Tex., 225; 1 Greenl. Ev., sec. 115; Orme *v.* Roberts, 33 Tex., 768.

*Phillips, Lackay & Stayton*, for appellee, cited and discussed Rodgers *v.* Burchard, 34 Tex., 443; Orme *v.* Roberts, 33 Tex., 773; Ayres *v.* Duprey, 27 Tex., 606.

October 21, 1873, the case was affirmed, Walker, Justice, delivering the opinion; Ogden, Justice, dissenting.

A rehearing was applied for and granted.

*Jackson & Jackson*, for the motion and on the merits of the case, filed a written argument, carefully and ably discussing the authorities.

*Glass & Cullender* and *W. R. Friend* resisted the motion, in a written argument; also on the merits.

MOORE, ASSOCIATE JUSTICE.—It was expressly decided by this court at its late session, at Austin, in the case of Grace *v.* Wade and Mains, that an unrecorded deed was void, by reason of our registration acts against a creditor who had acquired a specific lien or interest in the land in controversy, by the levy of an execution under a judgment in a different

county from that in which the land was situated, although the creditor had not caused a copy of the judgment to be recorded in said county; and that the creditor, or any one else who might purchase the land under the execution, would get title against the unrecorded deed, notwithstanding he might have full notice of the deed when he purchased, provided the creditor had no notice prior to the levy of his execution. This decision is directly applicable to this case, and will require its reversal.

The action in this case, although not brought strictly under the statute, must be held, under the authority of Dangerfield *v.* Paschal, (20 Tex., 536,) to be in effect an action of trespass to try title. If the prayer to quiet title and remove cloud, can be treated as amounting to anything more than the prayer in an action in trespass to try title, it may be that the plaintiff cannot have the equitable relief prayed for, unless he shows himself ready to do equity; but to such a suggestion it will suffice to answer, that the rights given to creditors by the registration laws do not depend upon the legal or equitable form of the action in which the statute is invoked. Unquestionably, the purchaser under the judgment does not acquire title superior to that of the party holding under the prior unrecorded deed, unless either he or the creditor in whose right he claims, comes with the proper construction and real import of the statute. But when he does, the right conferred upon him by it is just as available in a court of equity as at law; and the one tribunal, no more than the other, can annul the plain provisions of the statute.

We are not to be understood as intimating that the title exhibited by appellant in this case may not be subject to question, either in a court of law or equity; for if no objection was made to it in the court below, except that decided in the case of Grace *v.* Wade, (and no others have been discussed by counsel,) it would be evidently improper for us to consider them if they were suggested to our minds by the record, which, however, we are not to be understood as intimating.

The fact that the land was bought at the sheriff's sale for Stapp, who was one of the defendants in the execution, cannot in any way affect the question in this case; that he is also liable for the full amount of the judgment, did not deprive the plaintiff of the right to subject the property of the other defendants to sale for its payment. If it is conceded as certainly it must be, that as, between the plaintiff in execution and Hill, the levy and sale were valid, it follows, unless Stapp is forbidden to purchase at the sale, that he is entitled to claim all the rights to which Raymond, the plaintiff in execution, was, entitled by the statute as a creditor. How is there anything which precludes Stapp from purchasing at the sale? It is said, in the case of Smith *v.* Boquet, 27 Tex., 514, that a defendant in execution may purchase his own property at the sheriff's sale; and certainly, if he can, we see no reason why his co-defendant may not also do likewise. If the sale were made or procured through combination or fraud, for the purpose of injuring the party complaining of it, this, of course, would present a different question. But certainly we cannot see how the bare fact that Stapp is jointly liable for the payment of the execution, will preclude him from purchasing land levied upon and sold as the property of another party, although, as one of the defendants, he is also bound for the satisfaction of the judgment.

Although the amount paid by Stapp for the land which he purchased goes to pay the debt for which he is jointly liable, it does not do so as a payment on the judgment by him, but, by the defendant Hill, whose property is sold. His liability is in no way diminished by this payment. He is still liable, notwithstanding his purchase, for his full share of the judgment, either to the plaintiff or to Hill, if the judgment, or more than his part of it, has been paid by him by this sale or otherwise. And if there had been no record or other notice of appellee's deed prior to the sale of the land by the sheriff, it would seem that Stapp, by reason of his purchase and payment for the land, would have been entitled

to the protection of the statute as a bona fide purchaser, as well as in right of the plaintiff in execution as creditor.

REVERSED AND REMANDED.