[Opinion delivered March 6, 1883.]

---

DANIEL D. ATCHISON v. JOHN H. OWEN.

(Case No. 1293.)

1. EVIDENCE — TRESPASS TO TRY TITLE.— Under the former statute, which allowed a second suit in trespass to try title, when the plaintiff was defeated in his first action, he was permitted to offer the same evidence on the trial of the second suit, and this was allowed in a second suit brought to set aside a sheriff's sale, which is in effect but a suit in trespass to try title.

2. SHERIFF'S SALE — INADEQUACY OF CONSIDERATION.— While mere inadequacy of consideration will not of itself authorize the annulment of a sheriff's sale, yet when the price paid is grossly inadequate, the sale will be closely scrutinized, and slight additional circumstances will suffice to set it aside.

APPEAL from Grimes. Tried below before the Hon. W. D. Wood.

D. D. Atchison brought this suit against John H. Owen, appellee and defendant in the court below, on the 6th day of December, 1879, to recover one thousand acres of land of the west half of the

league of land originally granted to Daniel Arnold, described by metes and bounds in the petition, and for damages and rent of the land, as alleged in the petition, which was in the form of trespass to try title.

At the May term defendant neglected to file an answer, and plaintiff took judgment by default.

The defendant filed a motion to set aside the judgment by default, to which plaintiff demurred. The demurrer was overruled by the court, the motion sustained, and the judgment by default set aside; to which ruling of the court plaintiff excepted.

On the 6th of December, 1880, the defendant filed an amended answer " in lieu and stead " of his original answer, as follows:

" And defendant, for further answer, says that he and those under whom he claims have had adverse possession in good faith of the premises in controversy in this cause for more than one year before the institution of this suit; and he and those under whom he claims have made permanent and valuable improvements on the land sued for during the time they have been in such possession; that he has built four houses of the value of $600; that he has built fences of the value of $500; has cleared land and put the same in cultivation of the value of $500; and has paid taxes, $1,000, on the same (the plaintiff having paid no taxes thereon); that this defendant holds the property (provided it is the land that defendant is in possession of, if at all, which he cannot tell from the description in the petition under judgment, execution, levy and sale of the property) as the property of plaintiff; therefore he asks the value of his improvements and taxes paid thereon.

" And defendant, further answering, says: That he and those under whom he claims have been in the quiet and peaceable adverse and uninterrupted possession of said property sued for three years next before the institution of this suit, under title and color of title from and under the sovereignty of the soil, and he pleads limitation of three years to plaintiff's cause of action."

The plaintiff, by leave of the court, amended, and by replication to the amended answer of defendant, filed December 6, 1880, averred that plaintiff's cause of action, as alleged in his original petition, accrued within less than one year next before the filing of the suit, and the rendition of the judgment by the supreme court, in cause No. 2194, D. D. Atchison v. Hutchison and Owen, March 11, 1879, about the land in controversy in this suit; and being the same land described by metes and bounds in deed of Sheriff Cone to John H. Owen, August 24, 1875, a certified copy of which is on

file in this cause, and represented as containing seven hundred and thirty-two acres, but plaintiff averred contained an excess over of one hundred and sixty to two hundred acres. Plaintiff averred that he was entitled to recover the excess, if no more, and the sum of $5 per acre rent per annum for the years 1875–1881 inclusive, for the use and occupation of the same from the time, August, 1875, defendant forcibly entered and took possession of the same. Plaintiff admitted defendant held under judgment, execution, levy, sale and sheriff's deed, as alleged by him in his amended answer, but charged that the judgment was void for the want of jurisdiction in the court rendering the same; that the execution was improvidently issued and in violation of law, as well as an express stipulation that no execution should issue; that no legal title passed from plaintiff to defendant by and under said judgment and execution at sheriff's sale. Plaintiff, further answering, denied that defendant was holding the land under title from plaintiff in good faith, or that he had made valuable improvements thereon in good faith, or that he had paid taxes as alleged in the amended answer; but charged that the defendant took forcible possession of the land described — with growing crops thereon — in the month of August, 1875, and had so held the same ever since; that the land was worth per acre the sum of $25, and for use and occupation the sum of $5 per acre; that the crops on the land seized by defendant, in the year 1875, as alleged, were worth more than double the amount paid for the land by defendant.

Plaintiff charged that the defendant, John H. Owen, represented that at the sale August 3, 1875, he paid the purchase money to Capt. J. C. Hutcheson, who had bid off the property at the sale, and transferred his bid to defendant, and that the interest of $1,000 in the judgment under which the property was sold, owned by Wolston, Wells & Vidor, and who were alleged to have had the execution issued to make said amount claimed by them, was not paid at the time, nor was any of said amount paid to Wolston, Wells & Vidor before the 1st of September, when the sum of $202.47 was paid them; and on the 27th of December thereafter was paid to them the sum of $700, and on the 15th day of February, 1876, the balance, $158.01. Plaintiff averred that he did not discover the same, that the said Wolston, Wells & Vidor had not been paid, except as aforesaid, until long after the case of Atchison v. Hutcheson and Owen had been taken to the supreme court and affirmed, and that he did not discover the same until he was informed by Wolston, Wells & Vidor, per their letter, June 30, 1879. Plaintiff com-

menced his suit as herein at the next term of court, December, 1879. He averred that the property bid in by J. C. Hutcheson and owned by Hutcheson and Owen, the defendants, brought about the sum of $1,200, more than ample to have paid the whole debt of Wolston, Wells & Vidor, and that the same was never paid. Plaintiff averred that if the foregoing had been known to him, and presented in evidence on the trial of Atchison *v.* Hutcheson, Owen *et als.*, that there would have been a judgment for plaintiff in that cause setting aside the sheriff's sale; that he was entitled to have and recover his land, and to have the defendant's title set aside.

The amended petition last above set forth was filed December 8, 1880. On the same day the defendant filed exceptions as follows:

1st. The pleading is not styled as required by the rules.

2d. If it is intended as a petition to set aside a sale, it is insufficient in not having the proper parties before the court (but the defendant did not show who the proper parties were), in not offering to do equity, and in being destitute of any merit on its face.

3d. The same is destitute of every element constituting a plea.

4th. The defendant (plaintiff?) cannot on the eve of trial change his action from one of trespass to try title to an action to set aside a sale.

The defendant also pleaded *res adjudicata*, in that the cause of action set forth in the amendment was settled by the judgment of the court in the case of D. D. Atchison *v.* J. C. Hutcheson *et al.*, numbered on the docket 2194, and that the judgment in that cause was still in force and is pleaded in bar of this suit.

On the same day the court sustained the exceptions to the amended petition, so far as it sought to change the suit from an action of trespass to try title to a suit to set aside a sheriff's sale.

The cause was submitted to the court without a jury; judgment rendered for the defendant; motion for new trial overruled, and plaintiff appealed.

There were sixteen assignments of error, which, however, presented only a few points for decision. The various rulings of the court to which objection was made were presented by bills of exception.

*Dan'l D. Atchison*, for appellant.

*Chas. Stewart*, also for appellant.

No briefs for appellee have been delivered to the Reporter.

DELANY, J. COM. APP.— Many of the assignments of error are so vague and indefinite that we do not feel called upon to notice them. The first three relate to the action of the court in setting aside the judgment by default. We see no error in the ruling of the court. There does not appear to have been any negligence on the part of the defendant or his counsel. It seems highly probable, from the circumstances, that an answer had been actually filed and had been mislaid. At all events counsel for the defendant had good reason to believe that the case would not be called in his absence.

The fourth assignment complains of the ruling of the court in excluding, when offered by the plaintiff, the petition in a certain suit of Bateman *et al. v.* Atchison, Owen *et al.* The evidence was offered to prove the value of the west half of the Arnold league, of which the land in controversy was a part. The petition spoken of is not set out in the bill of exceptions, and we have no knowledge of its contents. Doubtless the evidence was properly excluded. Owen appears to have been a defendant in the suit, and the allegations of the plaintiff in that suit could hardly be evidence against him.

The sixth assignment presents a different question.

The plaintiff offered to prove by his own testimony that while the sheriff had in his hands the execution under which the property now in controversy was sold, he, the plaintiff, offered to point out to the sheriff ample property of plaintiff to satisfy the execution, and the sheriff refused to receive it. This evidence was excluded by the court and the plaintiff excepted.

In signing the bill of exceptions the presiding judge states that the evidence was rejected because there was in evidence the record of a preceding suit by the present plaintiff against the present defendant and others, in which suit the plaintiff sought to set aside the sale, sheriff's deed, etc., and to recover the same land now in controversy; and that the matters now offered in evidence were known to the plaintiff when he brought the former suit, and therefore were *res adjudicata*, the said judgment having been affirmed by the supreme court. The court evidently regarded the former judgment as conclusive against the plaintiff, at least to the extent of precluding any attack upon the sheriff's sale. This view of the law doubtless induced the court to sustain one of the exceptions to the plaintiff's supplemental petition, viz., that the plaintiff could not change his suit from an action of trespass to try title to a suit to set aside the sale. If these rulings of the court below are correct, the judgment should be affirmed. But in our opinion the court is not sustained by the authorities.

In the case of Dangerfield *v.* Paschal, 20 Tex., 536, the plaintiffs brought a suit to cancel the patent, field notes, etc., of defendants. They also prayed for injunction to restrain the defendants from making future surveys, procuring further patent, cutting timber, etc. Judgment was for the defendants. Plaintiffs brought a second suit of the same character, which was dismissed; but, within twelve months from the first judgment, they brought a third suit, somewhat in the form, but without the indorsement of an action of trespass to try title. The court below held the first judgment a bar to further proceedings. But the supreme court, upon elaborate argument, reversed the judgment.

In the case of Allen *v.* Stephanes, 18 Tex., 658, the plaintiff brought an action of trespass to try title against the defendant, who had bought plaintiff's land at a sheriff's sale, and judgment was rendered for the defendant.

The plaintiff filed a second suit in which he set out specifically the grounds of his action. The defendant set up the former judgment in bar. The court sustained an exception to the action and there was a judgment for the plaintiff. The defendant appealed, and one of his assignments of error is as follows:

"In sustaining plaintiff's exceptions to that part of defendant's answer pleading the judgment in the former suit between the same parties, touching the same subject matter, in bar of a recovery in this suit." Upon this part of the case Chief Justice Hemphill says: "If the present action be regarded as equivalent to an action of trespass to try title, and the result shows that by no species of action could the title be more effectually divested out of one party and vested in the other, then the former recovery is no bar to the present action." The ruling of the court below was sustained and the judgment affirmed. It will be noticed that the chief justice treats the suit to set aside the sale as equivalent to an action of trespass to try title, doubtless upon the ground that as our courts have jurisdiction alike of legal and equitable demands, the form of the action is immaterial. See, also, Grimes *v.* Hobson, 46 Tex., 419.

It is true that the plaintiff's pleadings in the present case are defective to the last degree, but the exceptions of the defendant are very defective also. Only one of them was acted upon by the court, and we have already seen that that ruling was erroneous. If a proper exception had been sustained the plaintiff might have amended.

But imperfect as the plaintiff's pleadings may be, they do set forth a substantial cause of action. It appears from the record that very

valuable property of the plaintiff was sold by the sheriff, and bought by the defendant for probably less than one-twentieth of its value. When the disproportion is so great between the value and the price paid, courts will examine very carefully to see whether the defendant has suffered wrong. And though it has been often held that inadequacy of price, standing alone, will not authorize the annulment of a sheriff's sale, yet in a case like this very slight additional circumstances will suffice. Chamblee *v.* Tarbox, 27 Tex., 140; Allen *v.* Stephanes, 18 Tex., 658, and many later cases.

Our opinion is that the judgment should be reversed and the cause remanded.

Reversed and remanded.

[Opinion approved March 16, 1883.]

Chief Justice Willie did not sit in this case.