ANN ROSS v. EMMA KORNRUMPF.

(Case No. 5478.)

1. PLEADING — CAUSE OF ACTION.— An amended petition which sets up a right in the plaintiff to land, which had been before asserted in the original petition, and which specifically sets forth the facts which constitute the alleged unfounded claim of defendants to such land, does not set up a new cause of action; nor is a new cause of action set up by specifying more particularly the relief sought.

2. NEW CAUSE OF ACTION.— When a new cause of action is set up by amended petition, its effect is to subject the plaintiff to all costs incurred up to the filing of the amendment, and to let in any defense which could have been pleaded had the suit been commenced at the date of the filing of the amendment.

3. PRACTICE.— A ruling by the district judge, which, though wrong, could not have affected the final judgment, can afford no ground for a reversal.

4. PRACTICE — CERTIFIED COPIES.— Though the certified copy of a deed relied on as a muniment of title must be on file in the cause three days before the trial, to authorize its introduction in evidence, it is not necessary that the party offering it should make affidavit to the loss of its original before the trial of the cause begins, in order that it may be read in evidence.

5. HUSBAND AND WIFE — DEED — SEPARATE PROPERTY.— The wife may receive a valid conveyance of the separate property of her husband to herself, so as to constitute it her own separate estate free from liability for his debts, when such conveyance is made in payment of money belonging to her which the husband had previously used.

6. EXECUTION SALE — COMMUNITY PROPERTY — RESULTING TRUST — NOTICE.— A deed was made by a third party conveying land to a married woman, which the vendor had purchased from the husband of said woman, and had his deed recorded after a statutory lien thereon had been fixed by the registration of a judgment in the county against the husband, but which deed was made before the registration of the judgment. After the conveyance to the wife the land was sold under that judgment to satisfy the husband's debt. In a suit involving title between the purchaser at execution sale, and the wife, who claimed that the land had been acquired by her in payment of a debt due her from her husband, *held:*

(1) The title of the wife, if the land was purchased with her separate means, was that of a resulting trust in the land, the apparent title being vested in the community estate of herself and husband.

(2) As to *bona fide* purchasers, and contract lien creditors without notice, the apparent title in the community would prevail.

(3) As to all others, including creditors with mere statutory liens, created by judgment or execution, the wife may claim the resulting trust arising from the manner of its acquisition.

(4) Thus, the purchaser at execution sale acquired no title, if at the time of the purchase he had notice of the real interest of the wife in the land, and that it had been acquired by her separate means.

7. PRACTICE — EVIDENCE.— When a verdict is rendered in a case in which each party has established his case by evidence, and the verdict, if the case were properly tried, could not, under established rules, be disturbed, no matter for which party it is rendered, the necessity for guarding against illegal evidence is manifest. Then the slightest illegal testimony which might possibly have influenced the result will be fatal, and afford cause for a reversal of the judgment.

APPEAL from Kinney. Tried below before the Hon. Thos. M. Paschal.

Suit by Emma Kornrumpf, joined by her husband, Edward Kornrumpf, against Ann Ross, in trespass to try title to a town lot.

At the March term, 1883, of the court, Ann Ross filed plea of not guilty and general denial.

The plaintiffs filed an amended original petition, alleging in substance that the lot sued for was the separate property of Emma Kornrumpf, purchased with her separate funds on March 15, 1881;

that the defendant's claim was by virtue of a deed executed by the sheriff of Kinney county to defendant on the 4th day of May, 1881; that the sale was made by the sheriff by virtue of an execution issued out of the district court of Travis county, upon a judgment rendered by that court on the 8th day of October, 1880, in favor of the state of Texas against the plaintiff Edward Kornrumpf and others named in the judgment; that the suit in which the judgment was rendered was instituted by the state of Texas upon a bond executed by L. C. Crowell as tax collector of Kinney county, and Edward Kornrumpf and others as sureties on his bond; that Emma Kornrumpf was no party to the suit on the bond. Plaintiffs alleged further that the judgment of the district court of Travis county, upon which execution issued, under which the lot in question was sold by the sheriff to defendant, was an absolute nullity and void; that the district court of Travis county had no jurisdiction; that at the time of the institution of the suit in the district court of Travis county, L. C. Crowell was not indebted anything to the state upon the bond sued on; that said bond had been previously canceled by the commissioners' court of Kinney county; that defendant had notice that the lot sold was the separate property of plaintiff Emma Kornrumpf. Plaintiffs prayed for cancellation of the judgment of the district court of Travis county, and the deed of the sheriff to the lot sold in pursuance of writ of execution issued upon said judgment.

To this amended original petition Ann Ross filed exceptions substantially as follows: 1st. A new cause of action was set up. 2d. The district court of Kinney county had no jurisdiction to pass upon the validity of a judgment of another court of record of this state. 3d. The state of Texas was a necessary party, she being plaintiff in the judgment called in question. 4th. Plaintiff had attempted to bring two separate and distinct actions in one suit. The exceptions were overruled. Defendant also filed general denial to the amended petition and plea of not guilty.

Verdict for plaintiffs for the lot and canceling sheriff's deed to the defendant.

The deed from Fenton Harris to Edward Kornrumpf was recorded March 10, 1873. The judgment of the district court of Travis county against said Kornrumpf was placed on record in the "judgment record" of Kinney county on the 15th day of October, 1880. The deed from Edward Kornrumpf to Charles Hugo was dated January 10, 1880, and acknowledged on the 25th day of October, 1880, and recorded on the same day. The deed from Charles Hugo

to Mrs. Emma Kornrumpf bears date March 15, 1881, and was recorded on the 28th day of March, 1881. The execution was levied on the 11th day of April, 1881, and the property sold May 3, 1881, and deed executed by the sheriff to defendant May 4, 1881.

*Solon Stewart*, for appellant, on the three first exceptions, cited: Ewing *v.* Wilson, vol. 5, No. 8, Tex. L. Rev.; Toler *v.* Ayres, 1 Tex., 400; McKinney *v.* Williams, 7 Tex., 599; Roller *v.* Wooldridge, 46 Tex., 486; Fleming *v.* Seeligson, 57 Tex., 524; Murchison *v.* White, 54 Tex., 78.

On the improper admission of evidence discussed in the opinion, he cited: Art. 3159, R. S.; Cooke *v.* Bremond, 27 Tex., 457; Kirk *v.* Navigation Co., 49 Tex., 213; French *v.* Strumberg, 52 Tex., 92; Parker *v.* Coop, 60 Tex., 112; Grace *v.* Wade, 45 Tex., 522; Simpson *v.* Chapman, id., 561.

*J. A. Ware*, for appellees.

Willie, Chief Justice.— The amended petition did not set up a new cause of action. The cause of action declared on in the original petition was the right to the land in controversy, alleged to have been obstructed and interfered with by the defendant. In the amended petition it is the same, with the facts of the case and the relief sought more particularly specified. But the setting up of a new cause of action does not subject an amended pleading to a demurrer for that cause only. It merely charges the plaintiff with the previous costs, and lets in any defense which could have been pleaded had the suit been commenced at the date of filing the amendment.

The ruling of the court upon the other exceptions did not work any injury to the defendants, and, if wrong, it was a mere irregularity, in no way affecting ultimately the merits of the controversy, or the rights of the parties, and can afford no ground for reversing the judgment. Hardy *v.* De Leon, 5 Tex., 233.

All inquiry into the validity of the judgment rendered in Travis county was effectually closed by the charge of the court holding it to be valid and binding, so that the defendant was not injured by any allegations as to the irregular manner in which the judgment was obtained.

And for the same reason the improper admission of testimony to prove these allegations cannot operate to reverse the judgment. This does not present a case where the court has attempted, in its

charge, to neutralize the effect of. previously admitted illegal testimony calculated to influence the verdict. It is a case where the judge, acting within the scope of his authority, declares a fact to exist, viz., that a judgment is valid, notwithstanding illegal testimony has been admitted to disprove it, thereby leaving, so far as that subject is concerned, nothing for the jury to pass upon.

There was no error in permitting plaintiffs to introduce in evidence the copy of deed from Harris to Kornrumpf. Our statute does not require that the affidavit of loss of the original shall be made before the trial begins in order to let in a certified copy. R. S., art. 2257. The certified copy must be on file for three days before the trial, and this gives the opposite party sufficient time and opportunity to attack it, if he chooses so to do.

The appellants' assignments of error do not seem to question the right of Kornrumpf to convey property to his wife in payment of money of hers previously used by him, thereby making it her separate estate free from liability for his debts. That is not an open question in this court, having been settled in favor of the wife's right in the case of McKamey v. Thorp, 61 Tex., 648.

The objection raised to Mrs. Kornrumpf's title is based upon the fact that the deed to Hugo, through whom she claims, was not recorded until after the judgment against her husband had been registered in Kinney county, where the land was situated.

The title which Mrs. K. really derived through this deed and the subsequent conveyance to her by Hugo was that of a resulting trust in the land; the apparent title was vested in the community of herself and husband. As to *bona fide* purchasers and contract lien creditors without notice, she is held to this apparent title; as to all others, including creditors with mere statutory liens created by judgment or execution, she can claim the resulting trust arising from the manner in which the land was acquired. McKamey v. Thorp, *supra;* Parker v. Coop, 60 Tex., 111.

At the time the deed was made to Hugo, the state, as plaintiff in the judgment against Kornrumpf, held such a statutory lien upon the land, and to this right of the state the appellant was subrogated by reason of her purchase at the execution sale. Having acquired no other right in or to the land previous to her said purchase, her title must stand or fall accordingly as she had or had not notice of Mrs. Kornrumpf's real interest in the land when the purchase was made at the sheriff's sale. And this is the vital question in the case.

The testimony upon this point was conflicting. A witness for plaintiffs testified that he heard the attorney for Mrs. Kornrumpf

give notice of her title at the sale, but did not know that any one else heard it, as there was a great deal of noise at the time. The sheriff and his deputy and another witness, all present at the sale, testified that they did not hear the notice given and thought that they would have heard it had it been given. A witness for plaintiffs testified that he told the appellant's agent at the sale who bid in the land for her, that it belonged to Mrs. Kornrumpf. The agent testified that he did not tell him any such thing. Without commenting upon the weight of this testimony, it is sufficient to say that there was no preponderance in favor of the appellees. It is not necessary that there should be, in order to sustain a verdict, when the testimony is sufficient to justify it, and were that the only question in the case we would not disturb the finding of the jury.

But it further appears from the record that the court, over the objections of appellant, permitted the appellee, Edward Kornrumpf, to testify that when the sheriff came to him with the execution, he told the sheriff that the land was the separate property of his wife. He stated that Mrs. Ross was not present at the time, and there is no proof that this conversation was ever communicated to her. Neither is it shown that Mrs. Kornrumpf was present at the conversation. This testimony was therefore illegal and should have been excluded. It could not be admitted to rebut any presumption of estoppel that might arise from the silence of Mrs. K. or her husband, when her rights were about to be invaded. She was not present, and nothing that her husband could have said or done under the circumstances could have prejudiced her right to the land.

For want of the presence of Mrs. Ross or any one representing her it was worthless as evidence of notice. But upon this point it was calculated to have an injurious effect upon the minds of the jury. The question of notice *vel non* was a pure question of fact submitted to their decision. By admitting the evidence the court necessarily led the jury to believe that it was important on that question. They may have concluded — and it was a proper inference — that as the court admitted the statement though Mrs. Ross was not present, and the evidence was objected to specially on that account, that it was not necessary that she should be present in order to affect her with notice of the statement; that a fact brought to the knowledge of the sheriff who made the levy was presumed to be known to subsequent purchasers at the sheriff's sale.

Had the case been tried before the judge alone, we might presume that the illegal testimony was discarded by him in making up his decision. But when submitted to a jury, it must appear that it could

not possibly have influenced the verdict; that had the testimony been rejected the jury could not have found differently.

Such is not the case here. Each party had produced evidence sufficient to establish his side of the question at issue. In such case a feather's weight of illegal testimony must not be thrown into the scales to turn them in favor of either of the litigants.

We think that the court erred in the admission of this testimony, and that it may have operated to the prejudice of the appellant, and for this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 16, 1885.]