AULTMAN, MILLER & Co. v. E. B. GEORGE ET AL.

No. 2249.

</div>

1. **Bona Fide Purchaser—Judgment Creditor.**

   A judgment creditor purchasing land at execution sale under his judgment and crediting the amount of his bid thereon, is not to be deemed a purchaser for value as against prior rights of third parties.

2. **Separate Property of Wife—Purchase by Husband with Mingled Funds.**

   A wife delivered $700 of her separate funds to her husband, to be invested by him in lands for her separate use. About three years thereafter, the husband, having in the meantime mingled the funds with his own, bought land for the wife for $700, paying $300 cash, and the wife executing her notes for the remainder, which were paid by the husband in part with her separate funds and in part with his own. The deed was executed to the wife, but failed to limit the title to her separate use; it being the intention of the parties, however, that it should be her separate estate, and that all payments made on the land by the husband out of his own means

should be considered as a repayment, pro tanto, of the moneys of the wife which he had used. Held, as against a creditor of the husband, .that the land was the. separate estate of the wife.

Appeal from Bosque.    Tried below before Hon J. M. Hall.

*S. R. Carruth,* for appellants.—The court erred in refusing to give to. the jury special charge number four asked by plaintiff to the effect that. to constitute the property in controversy the separate property of the: wife it must have been paid for with her separate funds at the time it was purchased and that if it was bought on a credit and subsequently paid for with her money that would not constitute it her separate property.    Lacey v. Clement, 36 Texas, 663; Oury v. Saunders, 77 Texas, 279;. Epperson v. Jones, 65 Texas, 425; Smith v. Bailey, 66 Texas, 553.

*S. H. Lumpkin* and *J. A. Gillette,* for appellees.—The separate money and funds of Mrs. V. M. George, having been inherited by her from her father's estate and placed in her husband's hands to purchase for her· real estate, under the law, would not become community estate, but would remain her separate property and trust funds in the hands of E. B. George; and the property in controversy having been purchased with such funds and money for cash, or part cash and part credit, became the separate property of the said Mrs. V. M. George, whose separate property and money paid for the same.    Sinsheimer v. Kahn, 6 Texas. Civ. App., 143; Cobb v. Trammell, 30 S. W. Rep., 482.

TARLTON, Chief Justice.—Mrs. M. V. George is the wife of E. B.. George.    They were married on June 12, 1883.    At the following dates,. respectively, she received as an inheritance from her father the following sums of money:    In December, 1883, the sum of $140; on July 1, 1884,. the sum of $550; about May 23, 1885, the sum of $15.    This money was delivered to the husband with the understanding between himself and his wife that it would be invested in real estate for her separate use and benefit.

On March 4, 1887, one H. P. Collins executed a deed to Mrs. M. V. George (containing no recital limiting the title to the separate use of the: wife) conveying lots 2 and 3, in block 18, in Meridian, Texas.    The consideration for this deed was the sum of $300 in cash, and three promissory notes, dated with the deed, one for $100, due June 1, 1887, one· for $100, due December 1, 1887, and the third for $200, due March 1,. 1888.    These notes were executed by Mrs. M. V. George.

The money, $300, paid in cash was not traced by any peculiar feature,. as of kind or mark, as a part of the fund inherited by Mrs. George· and placed in the hands of her husband as already stated.    He deposited the: money as it was delivered to him, together with other money in his own. name.    But it was paid by him to Collins, the vendor, as the separate money of his wife, and the payment extinguished pro tanto the separate funds of Mrs. George held by her husband.    It was the intention of·

the husband to make the payment pro tanto, as with the money originally delivered to him as an inheritance of his wife. Both the husband and the wife thus understood the transaction, both were present when the deed and notes were executed, and both understood that the title conveyed was for the separate benefit of the wife.

A part of the purchase money represented in the notes was paid directly with the wife's money. The remainder thus represented was not thus directly paid, but after two of the notes, the principal of which amounted to $200, had been merged in a judgment against E. B. and M. V. George, with a decree foreclosing the vendor's lien, the husband borrowed funds with which he discharged the judgment.

The money originally placed in the hands of the husband, with the understanding between himself and his wife that it should be invested in real estate for her benefit, had never been paid back to her. The borrowing by the husband of sufficient money with which to cancel the deferred indebtedness was but a method adopted by him of restoring pro tanto the money received from his wife, and of investing it in the realty in controversy. Such was the intention of the transaction.

The foregoing conclusion rests upon the undisputed testimony.

On June 30, 1891, the appellant, a corporation, as plaintiff, recovered judgment against E. B. George for the principal sum of $169.60, by virtue of which a valid writ of execution was levied upon the property conveyed in the deed to Mrs. George; and at the constable's sale accordingly had, the plaintiff became the purchaser, for the sum of $20, its bid being entered as a credit on the judgment. Notice was then given of the separate character of the property.

It is questionable whether, at the date of the deed to the wife, E. B. George was indebted to the appellant in any sum whatever; but if so, the amount of the debt was very small, and the record fails to disclose that at that date any part of the indebtedness existed on which the appellant's judgment was rendered.

The appellant brought this suit to recover the property described, relying upon its judgment, levy, and sale thereunder. It appeals from a verdict and judgment, holding the property to be of the separate estate of the wife, Mrs. George.

The issue of exempt property was also presented, but this is not considered by us, as the case was not thereupon determined.

*Opinion.*—The appellant, as a purchaser at execution sale, crediting the amount of its bid on its judgment, is not to be deemed a purchaser for value. McKamey v. Thorp, 61 Texas, 652; Cobb v. Trammell, 30 S. W. Rep., 482.

When the sum of $700, the separate property of the wife, was placed by her in her husband's hands, with the understanding between the two that it should be invested in realty for her separate use, he became the trustee of the fund for her benefit. A diversion by him of this fund to any purpose foreign to the trust would render him a debtor to the

wife to the extent of the diversion. If he had so used the original fund as to lose all trace of it, and thus to place it beyond the possibility of identification, did he thereby deprive himself of the right or power of substituting it with other money belonging to himself or the community, and thus restoring to the wife that which he or the community owed her?

If the wife had thus entrusted her separate money to a person other than the husband, and if that person—having in the meantime used the money—had replaced it with a similar amount, which with her consent he proceeded to invest for her in a tract of land conveyed in her name, we cannot entertain a doubt that the property thus purchased would be the separate property of the wife. The existence of the relation of husband and wife should not change the legal effect, though it might require a closer scrutiny of the evidence relied upon to establish the integrity of the transaction.

The fact that the deferred payments of the purchase money were represented in promissory notes of the wife or of the husband and wife jointly, would not, as appellant seems to contend, divest the property of the separate character. Ullman v. Jasper, 70 Texas, 452; Schuster v. Baughman, 79 Texas, 80; Sinsheimer v. Kahn, 6 Civ. App., 143; Cobb v. Trammell, 30 S. W. Rep., 482.

Again: As already noted, it is not made to appear that when the deed was executed E. B. George owed any part of the debt on which rests, through its judgment, the appellant's claim. It would thus seem that as the conveyance was executed with the undisguised and manifest intention on the part of the husband that the lots should become the separate property of the wife, this should be its effect, without reference to the grounds already stated. Higgins v. Johnson, 20 Texas, 389.

Upon the conclusions of fact, resting upon the undisputed evidence in this case, we can but hold that the property in controversy was of the separate estate of the wife, and that no other verdict would have been justified. Hence, without discussing the various assignments of error, all of which are addressed to the action of the court in the matter of instructing the jury on the issue of separate property, we order an affirmance of the judgment.

*Affirmed.*

Delivered February 22, 1896.