B. C. OBERTHIER AND OTHERS V. MARK STROUD AND ANOTHER.

1. Land was purchased by W. with money belonging to his father and sister, but the deed, by mistake of the draftsman, was taken in his name instead of their's, as was intended. *Held*, that W. was the trustee of an implied trust, and held the land for the use of his father and sister.

2. The land so conveyed to W. was levied on and sold under execution as his property, but notice was given to all bidders at the sale that he had no interest in it. *Held*, that the rule *caveat emptor* applies, and the purchaser bought at his peril.

3. The lien of a judgment upon land is no better than the title of the judgment debtor, and a purchaser at an execution sale takes the land subject to all equities available against the judgment debtor himself. Hence, it seems, that when the defendant in execution held the legal title under a resulting trust for others, with whose money he had paid for the land, the purchaser at execution sale could acquire no beneficial interest, even though he was in no way chargeable with notice of the trust, and the title as recorded stood in the name of the defendant in execution. (In this case the sheriff's deed was to two persons jointly, one of whom was one of the plaintiffs in execution, and was present at the sale when notice was given that the defendant in execution had no interest in the land.)

4. A resulting trust, it seems, is protected against the operation of the registration laws.

5. Plaintiffs in trespass to try title claimed as purchasers at an execution sale of the land as the property of W., in whose name the title stood. Defendants claimed under W.'s father and sister, and offered W. as a witness to prove that the title was conveyed to him by mistake, and that the land was paid for with money belonging to his father and sister. Plaintiffs objected that W. was interested by having made to one of the defendants a bond for title to the land; and the court below sustained the objection and excluded the witness. *Held*, that the ruling was erroneous; that the witness was called to testify against, and not in favor of his interest, and he was therefore competent.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The leading facts of this case are stated in the opinion.  Mark Stroud and Wiley Harris were plaintiffs below, and the judgment was in their favor.   They claimed under a sheriff's deed to themselves, based upon an execution sale of the land under a levy made upon it as the property of A. C. Whatley.   The sale was made under executions emanating from two judgments, one of which was in favor of T. J. Trammell and Mark Stroud.   It inferentially appears that the land was bid off by Stroud; and Samuel Wasson, a witness for the defendants, testified that when the land was being sold by the sheriff, he, the witness, told the persons present, and Stroud among them, that A. C. Whatley had no interest in the land, and gave them his reasons for so stating.

The defendants were the heirs and a devisee of A. J. Whatley, and their tenants.   The defendants offered A. C. Whatley to prove that the title was put in his name by mistake, and that the land was paid for with money belonging to his father and sister.   Plaintiffs objected and produced a title bond made by A. C. Whatley to Henry Reynolds, one of the defendants, reciting a consideration of one thousand dollars, and covenanting for title to the land in controversy; which bond, the plaintiffs claimed, incapacitated the witness by reason of interest.   The objection was sustained and the witness excluded, to which the defendants excepted.

There is much other matter in the record, but the rulings of this court do not require further recital of the facts than as given in the opinion and in this statement.

*Parsons & Jones*, for the appellants.

*Martin Casey*, for the appellees.

WALKER, J.—This is an action to try title.   The parties deraign title from the same patent.   A. C. Whatley purchased the land in controversy from Millican, and, as appears from the evidence, paid for it with money belonging to his father, A. J. What-

ley, and his sister, Amelia Reynolds; and it would appear that by a mistake of the draftsman, made at the execution of the deed, the title was made to him, A. C. Whatley, instead of his father, A. J. Whatley, as was intended. He was the trustee of an implied trust, and held the land for the use of his father and sister. The appellees claim under a sheriff's deed to the land sold as the property of A. C. Whatley. At the time of the sale (by the evidence of the witness Wasson) notice was given to all bidders that A. C. Whatley had no title to the land, and the maxim *caveat emptor* was made to apply. The judgment lien upon which the sheriff sold the land was no better than the title by which the judgment debtor held it; and a purchaser at such judicial sale takes the land subject to all the equities which are against it, and can derive no better title than that which was held by the judgment debtor. That is all the sheriff can sell or the vendee buy. But A. C. Whatley had only the legal title in trust for his father and sister, and the purchaser at sheriff's sale took nothing.

In Blankenship v. Douglass, 26 Texas, 225, the court say: " It seems well settled that a judgment lien on the land of a debtor is subject to every equity which existed against the land in the hands of the judgment debtor at the time of the rendition of the judgment; and that courts of equity will protect such equities against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate."

A resulting trust is protected against the operation of the registration laws.

But the court erred in excluding the evidence of A. C. Whatley. He was called to testify against his interest, and was therefore competent. The judgment of the district court will be reversed and the cause remanded to be proceeded in in accordance with this opinion.

Reversed and remanded.