S. R. MEXIA AND HUSBAND v. JOSEPHINE LEWIS AND HUSBAND.

No. 976.

1. **Practice in Trial Court—Special Findings by Jury—Failure to Submit Issue.**

In an action to recover several distinct tracts of land claimed by defendant through different sources of title, the case was submitted to the jury for special findings of fact. The court failed to submit any issue whatever as to one of the tracts, but the uncontradicted evidence showed that the defendant was entitled to recover this tract, and judgment was so entered. Held, that plaintiff's failure to ask the submission of an issue as to such tract, and to make objection to the failure to submit it, would be treated as an abandonment of his claim to that tract.

2. **Trespass to Try Title—Special Plea—General Issue Not Waived.**

In an action of trespass to try title by one claiming under an execution sale, a special plea in defendant's answer, attacking the sale and asking its cancellation, is not a waiver of the plea of not guilty.

3. **Separate Property of Wife—Burden of Proof.**

In an action against a married woman claiming the land in controversy as her separate property, the court correctly refused to charge that the burden of proof was upon her to show her superior equity to the land by proof of the necessary facts by more than one witness, or by one witness with strong corroborative proof in addition.

APPEAL from Anderson. Tried below before Hon. A. B. WATKINS.

*Thos. B. Greenwood & Son,* for appellants.

*Gregg & Gardner,* for appellees.—1. The rule that a defendant who pleads specially his defenses, in addition to the plea of not guilty, will be held to the defenses so pleaded, has no application where the special plea of the defendant is in the nature of a cross bill seeking affirmative relief, which he could not obtain under a plea of not guilty, and under a plea of not guilty the defendant can not avoid a sheriff's deed for irregularities.

2. In trespass to try title the burden of proof is not shifted from plaintiff, because the wife claims the land as her separate property, and in no case is it proper to charge the jury that the defendant must establish his defense by the testimony of more than one witness or by the testimony of one witness and strong corroborative proof. Mitchell v. Mitchell, 80 Texas, 112; 84 Texas, 307; Baylor v. Hopf, 81 Texas, 637; Pierce v. Fort, 60 Texas, 464.

3. The appellant will not be allowed to take advantage of an error (particularly when the record shows it was harmless), where he has not called the attention of the court below to it in his motion for a new trial, nor in any other way. Caruth v. Grigsby, 57 Texas, 259; Hughes v. Roper, 42 Texas, 116; Cason v. Connor, 83 Texas, 26.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellants to recover of the appellees four tracts of land situated in Anderson County. Appellees pleaded a general denial and not guilty, and also, affirmatively, to set aside an execution sale which they averred the appellants relied upon to show title.

The land sued for consisted of four tracts, as follows:

1. A tract of 65 acres, a part of the Isaac Barnett league, conveyed to Joseph Lewis by J. P. Doss and wife on December 30, 1882, being a part of 640 acres of said league conveyed to Doss by P. W. Bradshaw, administrator of the estate of William Bradshaw, deceased.

2. A tract of 115 acres of the Isaac Barnett league and of the 640 acres above mentioned, conveyed to Joseph A. Lewis by J. P. Doss and wife December 21, 1882.

3. A tract of 200 acres of land of the Isaac Barnett league and of the 640 acres above mentioned, owned and occupied by J. P. Doss at the time of his death in 1886, and known as the J. P. Doss homestead. An undivided one-third of this tract was conveyed to Joseph A. Lewis on November 20, 1886, by Melzey B. Wolverton and husband; also on November 30, 1886, an undivided one-third thereof was conveyed to Joseph A. Lewis by M. H. Spear and husband; the remaining one-third was inherited by Mrs. Lewis from her father, J. P. Doss.

4. A tract of 20 acres of land about two and a half miles west of Palestine, a part of the S. Arthur and C. W. Gatewood surveys.

Appellants showed a judgment in their favor against the appellee, Joseph A. Lewis; also an execution on said judgment, which was levied on the above mentioned land which was sold by the sheriff, when S. R. Mexia became the purchaser, and a deed was executed to her July 7, 1891, upon compliance with bid. This deed was in evidence; and the judgment, execution, levy and sale and sheriff's deed were all regular, and vested such title in the appellant S. R. Mexia as the appellee Joseph Lewis had in the land subject to sale.

For the defense it was shown by undisputed testimony that: (1) the tract of 65 acres was conveyed to Joseph A. Lewis by J. P. Doss as a gift to his daughter, the appellee, Josephine Lewis. (2) Josephine Lewis inherited from her father at his death an undivided one-third interest in the Doss homestead tract of 200 acres. (3) The 20-acre tract near Palestine was the separate property of the wife, Josephine Lewis. It was bought with her separate funds and conveyed to her separate use.

There was evidence which showed that the 65 and 115-acre tracts, which were situated on Keechi creek, had formed the homestead of the appellees; but appellants contended that if this land had ever been the homestead of appellees, it had been abandoned by them before the date of the levy of appellant's execution, and that appellees' homestead had been fixed upon the 20-acre tract near Palestine; and upon this question of abandonment, the evidence was conflicting and sufficient to sustain the finding that the Keechi tracts had not been abandoned as a homestead by appellees. Appellees left the Keechi place May 25, 1891, and took up their residence on the 20-acre tract.

The deed from Speer and wife to Joseph A. Lewis recited as the consideration for the land conveyed, $100 in cash and a note for $75; and the deed from Wolverton and wife to Joseph A. Lewis recited as the consideration for the land conveyed $100 in cash and a note for $62.50.

Joseph Lewis testified that although the deeds were executed to him it was intended that the land should be the separate property of his wife; the cash paid was of her separate means, and the notes were taken to give him time to sell property inherited by her from her father and pay the balance of the purchase money, which he did.

The case was tried by a jury, which returned a verdict finding special issues submitted to it by the court in substance as follows:

1.  The conveyance of the 65 acres by J. P. Doss to Joseph Lewis was intended as a gift to Josephine Lewis.

2.  Joseph A. Lewis, when he left the Keechi homestead on May 25, 1891, intended that his absence should be only temporary.

3.  When Joseph A. Lewis left the Keechi place, May 25, 1891, he had a fixed intention to return to it.

4, 5, 6 and 7.  The cash payments made for the conveyance of the interests of Mrs. Speer and Mrs. Wolverton in the Doss homestead to Joseph A. Lewis were of the separate funds or property of Mrs. Lewis, and the notes of $62.50 and $75 were paid with her separate funds or property.

8 and 9.  It was the intention and purpose of appellees, when the land was bought, to pay these notes with the separate funds or property of Mrs. Lewis.

It appeared from the uncontradicted evidence that the appellants were entitled to recover an undivided interest in a defined portion of the Doss homestead by reason of a judgment therefor in their favor against the appellees in a former suit.

Upon the special findings of the jury and the uncontradicted evidence the court below rendered judgment in favor of the appellants against the appellees for the undivided interest in the Doss homestead above mentioned and for costs of suit, but as to all the rest of said land, that the appellants take nothing.

No issue as to the twenty acres tract near Palestine, or the one-third interest in the Doss homestead inherited by Mrs. Lewis from her father, was submitted to the jury; nor was there any issue submitted as to the portion of the land which the appellants recovered.  Complaint is made in this court for the first time, by an assignment of error, that the court erred in rendering judgment for the appellees for all of the land sued for except the two-thirds undivided interest recovered by appellants, because the special verdict is too defective to form the basis of any valid final judgment, and does not find all the facts put in issue by the pleadings, one of the issues made by the pleadings and not submitted to the jury being the right of appellants to recover the 20-acres tract.

This court recognizes the rule contended for by the appellants, and as shown by the authorities cited in the brief of counsel, to be that, in rendering judgment upon facts found by the jury, the court cannot add a fact not included in the verdict, although the uncontradicted testimony showed the fact so added.  No complaint is made that suffi-

·cient facts are not found with respect to any of the tracts except the twenty acres. The suit being to recover separate and ·distinct tracts of land, if no other error were shown respecting the other tracts, the judgment might be affirmed as to them and reversed as to the one affected by it. Chamberlain v. Pybas, 81 Texas, 511. As to the 20 acres, no issue at all was submitted, but from the undisputed facts the land was Mrs. Lewis's separate property. Appellants might have requested the issue to be submitted, and his failure to do so may be treated as an ·abandonment of his claim to this tract. We believe the case does not come within a strict application of the rule, and we are not willing to reverse the judgment where it so conclusively appears that no injury was done by the omission to submit the issue.

Appellees' special plea was confined to an attack upon the execution ·sale, and was a direct proceeding for affirmative relief, which could only be had by pleading the facts. Ayres v. Duprey, 27 Texas, 593. It was not a waiver of the plea of not guilty, and evidence was properly received to show that the land sued for was in whole or in part the ·separate property of Mrs. Lewis, or the homestead, or was not the prop·erty of Joseph Lewis when the execution was levied. Hill v. Newman, ·67 Texas, 265.

Counsel for appellants requested the court to instruct the jury to the ·effect that the burden of proof was upon Mrs. Lewis to show her superior equity to the land sued for by proof of the facts necessary to do ·so by more than one witness, or by one witness and in addition thereto ·strong corroborative proof. It has been repeatedly held that it would .be error to give such an instruction to the jury.

The facts found by the jury with respect to the purchase of the interests of Mrs. Speer and Mrs. Wolverton in the Doss homestead show that they were correctly adjudged to be the separate property of Mrs. Lewis. Parker v. Fogarty, 23 S. W. Rep., 700; Seinsheimer v. Kahn, :24 S. W. Rep., 533, and authorities cited.

We think that the facts were sufficient to support the judgment that the Keechi homestead had not been abandoned and was exempt to the ·appellants from forced sale.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered January 9, 1896.

Writ of error refused.