## K. E. HORD v. GEORGE W. OWENS.

Decided December 17, 1898.

**1. Community and Wife's Separate Property—Mechanic's Lien.**

A lien for materials will attach to land which is the wife's separate property, where the record title was in the community and the material was furnished in reliance upon the community ownership of the property, and without notice of her separate right.

**2. Same—Burden of Proof.**

In such case the burden of proof is on the wife to show that the land is her separate property, and that the materialman had notice thereof.

ERROR from Dallas. Tried below before Hon. W. J. J. SMITH.

*U. F. Short,* for plaintiff in error.

*R. M. Clark,* for defendant in error.

TARLTON, CHIEF JUSTICE.—K. E. Hord prosecutes this writ of error from a verdict and judgment in which George W. Owens, defendant in error, recovered from her husband, T. A. Hord, the principal sum of $510.85, and in which he recovered against T. A. Hord and herself a decree foreclosing a materialman's lien upon certain described realty.

At certain dates during the months of June, July, and August, 1894, Owens, a dealer in lumber, furnished to Thomas A. Hord material in the amount of the judgment, which was used in the construction of a one-story dwelling house and barn, with fencing and other improvements, upon the realty above mentioned. Thereafter Owens fixed upon the realty and improvements his lien for materials, according to the form prescribed by the statute.

When the debt was contracted by Hord and the material furnished, the title, as shown by the deeds, stood in the community of Thomas A. Hord and his wife, K. E. Hord, but the property in reality belonged to the wife in her separate right. Owens, however, had no notice or knowledge of the wife's separate claim, but was, on the contrary, informed by her husband at the time of the accrual of the indebtedness that the property belonged to the latter, and the material was furnished by Owens relying in good faith upon the representations of the husband.

*Conclusions of Law.*—Among other matters, the court charged the jury as follows:

"If you find and believe from the evidence that said land was not the community property of T. A. Hord and wife, K. E. Hord, at the time plaintiff furnished said lumber and material, but was at that time the separate property of defendant K. E. Hord, and if you further find that the defendant T. A. Hord at the time he was negotiating with plaintiff for the purchase of said lumber and material represented to plaintiff that said land belonged to him, the said T. A. Hord, and that plaintiff believed and relied upon said representations in supplying said lumber and material, and had no notice that said land was the separate property of said K. E. Hord at the time said lumber and material was so furnished and used in the improvements thereon, then you will find for plaintiff against defendants T. A. Hord and K. E. Hord for foreclosure of the lien claimed by plaintiff upon said land and such improvements thereon as said lumber and material were used in.

"The burden of proof is upon defendant K. E. Hord to show by a preponderance of the evidence that said land was at the time said lumber and material were furnished and used her separate property, and that plaintiff at said time had notice thereof; and if she has failed to do so, you will find for plaintiff against defendants for foreclosure."

It appears that the realty in question became the separate property of the wife perforce of the act of the husband in having a conveyance thereof made to her in payment of certain money belonging to her which he had previously used, but as above indicated, the deeds contained no recital showing her separate title.

The plaintiff in error urges the proposition that the lien sought in this instance to be foreclosed against the separate property of the wife is a mere statutory lien, and that under such circumstances the wife may claim the resulting trust which she has in the land against the lien. In support of this proposition she cites the cases of McKamey·v. Thorp, 61 Texas, 648, and Ross v. Kornrumpf, 64 Texas, 390.

We think these cases clearly distinguishable from that under consideration. They concerned mere statutory liens by judgment or execution against the husband, and it was held that as to such a lien, where the apparent title is vested in the husband, with a resulting trust in favor of the wife, a creditor will not be protected by his lien when he has notice of the resulting trust before his purchase. But we do not think that a

materialman's lien comes within the category or the description of a mere statutory lien by judgment or execution. On the contrary, recognized as it is by the Constitution, we think that it is to be assimilated to a contract lien. Const., art. 16, sec. 37.

The authorities relied upon hold that a creditor without notice who obtains from the husband a mortgage or deed of trust on realty the apparent title to which is in the husband will be protected against a resulting trust in favor of the wife. We think that a creditor holding a materialman's lien, as in this case, stands logically upon the same plane as a creditor by mortgage or deed in trust, and that Owens, the materialman, occupies in effect the same position as he would have held had he at the time taken a mortgage from the husband, T. A. Hord, upon the property in question to secure the amount of the indebtedness incurred for furnishing the lumber.

We are also of opinion that the court correctly instructed the jury that the burden of proof was on the defendant to show by a preponderance of the evidence that the land upon which the lien is claimed was at the time the lumber and material were furnished and used her separate property, and that plaintiff had notice thereof.

These conclusions overrule all the assignments of error, and require an affirmance of the judgment, which is accordingly ordered.

*Affirmed.*

Writ of error refused.